CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 06 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:12CR00026 |
| | ) | (Civil Action No. 7:16CV80888) |
| v. | ) | |
| | ) | **FINAL ORDER** |
| LAVAR VINCENT BROWN | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

On May 16, 2012, Lavar Vincent Brown pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), without a plea agreement. A Presentence Investigation Report ("PSR") prepared in anticipation of sentencing recommended that he be classified as an armed career criminal under the Armed Career Criminal Act ("ACCA") because he had "at least three prior convictions for a violent felony offense." (PSR ¶ 15, ECF No. 31.) The PSR relied on Brown's twelve prior Virginia burglary convictions, under Virginia Code §§ 18.2-90 and 18.2-91, in making the armed career criminal determination. (Id. ¶ 20.) With the ACCA enhancement, Brown faced a mandatory minimum sentence of 180 months' incarceration. 18 U.S.C. § 924(e)(1). Without the ACCA enhancement, Brown would have been subject to a statutory maximum sentence of 120 months. 18 U.S.C. § 924(a)(2).

On August 14, 2012, the court adopted the PSR and noted that Brown was subject to a mandatory minimum sentence of 180 months because he qualified as an armed career criminal. (Sent. Hr'g Tran. at 9-10, ECF No. 42.) The court granted the government's motion for a downward departure for substantial assistance and sentenced Brown to 120 months' incarceration. (Id. at 16-17.) Brown's conviction and sentence were affirmed on direct appeal. United States v. Brown, 524 F. App'x 373 (4th Cir. 2013). Brown filed his § 2255 motion on

February 22, 2016. For the reasons stated in the accompanying omnibus memorandum opinion, Brown's Virginia burglary convictions cannot support his armed career criminal status. Consequently, Brown no longer qualifies as an armed career criminal and his ACCA sentence is unlawful.

Accordingly, it is hereby

**ADJUDGED and ORDERED**

as follows:

1. Brown's motion pursuant to 28 U.S.C. § 2255 (ECF No. 61) and amended motion (ECF No. 64) are **GRANTED**;

2. The government's motion to dismiss (ECF No. 78) is **DENIED**; and

3. Brown must be resentenced. A resentencing hearing has been scheduled for January 20, 2017.

The Clerk is directed to send copies of this order and the accompanying omnibus memorandum opinion to the petitioner and all counsel of record. In addition, the Clerk is directed to close Civil Action No. 7:16CV80888 as all further action will occur in Brown's criminal case.

ENTER: This 6th day of January, 2017.

Chief United States District Judge